John G. McCarthy
Brian P. Hall
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9700
Fax: (212) 907-9800

*Proposed counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

In re

SABON HOLDINGS, LLC, *et al.*[1]
       Debtors.

-----------------------------------------------------------

Chapter 11

Case No. 20-11320-JLG

(Joint Administration Requested)

# DEBTOR'S MOTION FOR AUTHORITY TO REJECT CERTAIN UNEXPIRED LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

Sabon Holdings, LLC, et al. and its affiliated debtors and debtors in possession in the above captioned cases (each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel file this motion for the entry of an order authorizing the Debtors to reject certain unexpired leases (the "Motion").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SABON HOLDINGS, LLC (9131), SABON MANAGEMENT, LLC (9205), SABON 78 7TH AVE, LLC (4824), SABON 458 BWY, LLC (5760) ,SABON 782 LEX, LLC (6496), SABON 1276 LEX, LLC (4675), SABON AMERICAN DREAM, LLC (3633),SABON 1371 6TH AVE, LLC (6176),SABON 2052 BWY, LLC (6388), SOAPIA, Inc. (8472),SABON RF, LLC (6097). SABON WEB, LLC (6450), SABON 1450 BWY, LLC (2810) and SABON WILLIAMSBURG, LLC (1159). The mailing address and principal place of business of the Debtors is 584 Broadway Avenue, Suite 601, New York, NY 10012.

1

**JURISIDICTION AND VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is Bankruptcy Code Section 365.

**BACKGROUND**

3. On May 29, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (as amended or modified, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. Each of the Debtors is operating its business and managing its properties as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee, examiner or committee has been appointed in the Debtors' Chapter 11 cases.

5. On the Petition Date, each of the Debtors filed in this Court a motion requesting an Order authorizing the joint administration of the Debtors' chapter 11 cases. If such relief is granted, notice of the hearing on any matter otherwise involving any single Debtor will be required to be given to those creditors and other parties in interest entitled to receive notice in the cases of each of the Debtors.

6. This Motion is supported by the Declaration of Yale Scott Bogen In Support of First Day Motions.

7. The Debtors are privately owned companies engaged in the business of sale of handmade soaps and related bath and body products manufactured in Israel and have been operating since 2003. As of Petition Date, Debtors operate nine stores, eight of which are located in New York City and one is located in Garden City, New York. The Debtors' stores are operated in a personalized sales manner that allows customers to experience the products first-hand by, among other things, trying the products in the store with assistance of sales personnel. The Debtors also sell to customers online, but in recent years, given the change in the consumer habits that weakened the retail market, the Debtors' in-store sales have suffered.

8. The COVID19 global pandemic and the ensuing government mandated closures of all of the Debtors' stores have devastated Debtors' revenue through all channels of commerce. Even assuming that the government mandated closures imposed upon Debtors' stores are lifted within the next two or three months, Debtors' revenue streams have irreparably suffered and are unlikely to recover in a manner that would allow the Debtors to meet its obligations to its creditors, including, *inter alia*, its rent obligations to landlords.

## RELIEF REQUESTED

9. The Debtors are parties to certain unexpired leases (the "Leases") governing premises (the "Premises") which were used by the Debtors as retail stores. By this Motion, the Debtors respectfully request that this Court (i) approve the rejection of certain unexpired leases (the "Rejected Leases") listed hereto on ***Exhibit A***, (ii) allow the Debtors to abandon property as set forth therein, and (iii) order that any claims arising out of or related to the rejection of the Rejected Leases be filed with the Court on or before the deadline set by this Court for creditors to file proofs of claim (the "Bar Date").

3

10. The Debtors intend to immediately vacate certain of the Premises and surrender possession to the landlord associated with the Rejected Leases (the "Landlords").

11. In addition, the store proposed for the location identified on Exhibit B hereto never opened, the Debtors never took possession of the Premises, and the corresponding lease (the "Terminated Lease") was terminated prepetition according to its terms by Sabon American Dream, LLC, a debtor in these bankruptcy cases. However, out of an abundance of caution, the Debtors are seeking an order rejecting the Terminated Lease in order to ensure that the Debtors would not be considered a party to the Terminated Lease after the Petition Date (as defined below) and will have no remaining obligations thereunder.

12. As a result of the Debtors' restructuring, the Rejected Leases to which the Debtors is a party have become unnecessary to the Debtors' estates. The Debtors believe that the Rejected Leases and Terminated Lease have no value to their estates and, hence, are appropriate for rejection in order to relieve an undue burden on the Debtors' estates. Accordingly, the Debtors hereby request authority to reject the Rejected Leases and the Terminated Lease pursuant to section 365 of the Bankruptcy Code.

13. In connection with the rejection of the Rejected Leases, the Debtors will surrender possession of the Premises to the Landlord for the Rejected Leases as soon as practical after the Petition Date. Through the rejection of the Rejected Leases, the Debtors will be relieved from paying rent, as well as certain other costs, including taxes, insurance, operating expenses, and other future related charges associated with the Rejected Leases. By rejecting the Rejected Leases at this time, the Debtors will avoid incurring unnecessary administrative charges that provide no tangible benefit to the Debtors' estates. The resulting savings from the rejection of the Rejected Leases will increase the Debtors' future cash flow and assist the Debtors' reorganization efforts.

14. The Premises relate to the Rejected Leases contain certain furniture, fixtures, and equipment which the Debtors believe have inconsequential value, including shelving, racks, and display cases. The Debtors intend to remove inventory and certain of the furniture, fixtures and equipment and transport the assets to the Debtors' remaining retail locations and warehouse. The Debtors have determined, in the exercise of their business judgment, that certain of these assets will be exceedingly difficult or expensive to remove or store (the "Remaining Property"). The Debtors estimate that the Remaining Property is of *de minimis* value; therefore, the Debtors will not realize any economic benefit by retaining the Remaining Property. Accordingly, the Debtors request authority to abandon any Remaining Property at the Premises related to the Rejected Leases.

## ARGUMENT

15. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject an executory contract or unexpired lease." The assumption or rejection of an executory contract by a debtor in possession is subject to judicial review under the business judgment standard. In re Federal Mogul Global, Inc., 293 B.R. 124, 126 (D. Del. 2003); Sharon Steel Corp. v. National Fuel Gas Distribution Corp., 872 F.2d 36, 39-40 (3d Cir. 1989). If such business judgment has been reasonably exercised, the court should approve the proposed assumption or rejection. See, e.g., NLRB v. Bildisco and Bildisco, 465 U.S. 513, 523 (1984). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. Federal Mogul, 293 B.R. at 126; In re G. Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (holding that "[i]n determining whether a debtor may be permitted to reject an executory contract, courts usually

5

apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered.").

16.    As noted above, the Debtors believe that the Rejected Leases are not necessary as a result of the discontinuation of the Debtors' operations at the locations affected and, hence, represent an undue burden on the Debtors.  Moreover, the Debtors believe that the Rejected Leases have no market value – *i.e.,* cannot be assigned to a third party for value.  Accordingly, rejection of the Rejected Leases represents an exercise of the Debtors' sound business judgment, is in the best interest of the Debtors' estates and creditors, and should be approved pursuant to section 365 of the Bankruptcy Code.  The Debtors further request authority to reject the Rejected Leases and Terminated Lease, to the extent that they are executory or unexpired, effective as of the later of (a) the Petition Date or (b) the return or vacation of any property subject to the applicable Rejected Lease (the "Rejection Date").

17.    Courts in this jurisdiction have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities under the circumstances. *See In re Sears Holdings Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 16, 2018) (approving rejection of unexpired leases to the date of rejection); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (approving rejection of unexpired leases); *Adelphia Bus. Sols., Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (upholding a bankruptcy court ruling that a rejection of an unexpired lease was retroactive to the date of the hearing on the motion to reject, even though the order to reject was not entered until nearly thirty-three months later); *see also Thinking Mach. Corp. v. Mellon Fin. Servs.* (*In re Thinking Mach. Corp.*), 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of the equities favors such relief).

6

18.     In the instant case, the non-debtor parties to the Rejected Leases and Terminated Lease will have notice of the Debtors' intent to reject the applicable Rejected Leases and Terminated Lease upon the filing and service of this Motion and, in most cases, the Premises will be surrendered as of the Rejection Date.  Accordingly, the Debtors believe that, due to their financial condition and the need to reduce unnecessary administrative claims against its estate, the equities under the circumstances weigh in favor of permitting the Debtors to reject the Rejected Leases and Terminated Lease effective as of the respective Rejection Date.

19.     Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

20.     Any Remaining Property left at the Premises is of inconsequential value to the Debtors' estates, and the costs to the Debtors of removing or storing the Remaining Property will exceed any realistic economic benefit that might be realized by retaining such property. Accordingly, the Debtors have determined, in the exercise of their sound business judgment that abandonment of any Remaining Property will be in the best interest of the Debtors and their estates.

21.     Bankruptcy Rule 6006(a) provides that a "proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." In turn, Bankruptcy Rule 9014(a) states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party

SGR/22767455.5

against whom relief is sought." Further, Bankruptcy Rule 6006(e) allows a debtor to consolidate, in a single motion, requests for the authority to reject multiple executory contracts or unexpired leases that are among different parties, subject to Bankruptcy Rule 6006(f). Bankruptcy Rule 6006(f) allows for a debtor to file an omnibus motion to reject multiple leases and requires that the motion: (a) "state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;" (b) "list parties alphabetically and identify the corresponding contract or lease;" (c) "be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases;" and (d) "be limited to no more than 100 executory contracts or unexpired leases." The Debtors believe this Motion complies with Bankruptcy Rule 6006 in all respects.

## WAIVER OF RULE 6004

22.     Bankruptcy Rule 6004(a) provides that notice of a "proposed use, sale or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i) and (k)." Fed. R. Bankr. P. 6004(a). Bankruptcy Rule 2002(a) provides that at least twenty-one (21) days' notice by mail shall be given to all creditors of "a proposed use, sale or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). To implement the relief sought in this Motion immediately, to the extent it applies, the Debtors seek a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the fourteen (14) day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

**NOTICE**

23. Notice of this pleading will be served via facsimile transmission or overnight delivery to: (i) the United States Trustee, (ii) those parties listed as the Debtors' 20 largest unsecured creditors, (iii) counsel to Groupe Rocher Holdings US Corporation, the Debtors' proposed DIP Lender, (iv) the District Director of the Internal Revenue Service, (iv) the U.S. Attorney for the Southern District of New York, and (v) the landlords under the Rejected Leases and Terminated Lease. No examiner, trustee or creditors' committee has been appointed in the cases. Given the nature of the relief requested herein and the harm to the Debtors that will result if the requested relief is not granted, the Debtors submit that such notice is sufficient and proper, and that no other notice need be given.

**NO PRIOR REQUEST**

24. No prior request for the relief sought in this motion has been made to this or to any other court.

WHEREFORE, the Debtors respectfully request entry of an order (i) authorizing the Debtors' rejection of the Rejected Leases and Terminated Lease effective as of the Rejection Date, (ii) allowing abandonment of the Remaining Property, (iii) requiring the non-debtor parties under the Rejected Leases to file any and all claims arising out of or related to the rejection of the Rejected Leases with the Court on or before sixty the Bar Date and (iv) granting the Debtors such other and further relief as this Court shall deem just and proper.

Dated: June 1, 2020
  New York, NY

SGR/22767455.5

SMITH, GAMBRELL & RUSSELL, LLP

By: */s/ John G. McCarthy*
    John G. McCarthy

1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9700

- and -

Brian P. Hall
SMITH, GAMBRELL & RUSSELL, LLP
Promenade, Suite 3100
1230 Peachtree Street, NE
Atlanta, Georgia 30309
(404) 815-3500

Proposed Attorneys for Debtors

## Exhibit A

## List of Rejected Leases

| Property Address | Landlord/ Counterparty Address | Debtor | Estimated Rejection Date |
|---|---|---|---|
| 1276 Lexington Ave. New York, NY 10028 | 1276 Lex Owner LLC 560 Fifth Ave New York, NY 10036 | Sabon 1276 Lex, LLC | On or about June 5, 2020 |
| 2052 Broadway New York, NY 10023 | Sherwood 70 Associates 745 Fifth Ave. New York, NY 10151 | Sabon 2052 Bwy, LLC | On or about June 5, 2020 |
| 782 Lexington Ave. New York, NY 10065 | Sierra Realty Corp. c/o Sierra Real Estate, LLC 600 Madison Ave. 3rd Floor New York, NY 10022 | Sabon 782 Lex, LLC | On or about June 5, 2020 |
| 1450 Broadway New York, NY 10018 | 1450 Broadway, LLC c/o The ZAR Group, LLC 1375 Broadway 12th Floor New York, NY 10018 | Sabon 1450 BWY., LLC | On or about June 5, 2020 |
| 128 N. 4th Street Brooklyn, NY 11249 | ACHS Management Corp. 1412 Broadway New York, NY 10018 | Sabon Williamsburg, LLC | On or about June 5, 2020 |
| 458 Broadway New York, NY 10013 | Grand Retail LLC 358 Broadway New York, NY 10013 | Sabon 458 Bwy, LLC | On or about June 5, 2020 |

SGR/22767455.5

# Exhibit B

## List of Terminated Leases

| Property Address | Landlord/ Counterparty Address | Debtor |
|---|---|---|
| Space C-242 of American Dream®, situated in the Borough of East Rutherford, State of New Jersey | Ameream LLC One Meadowlands Plaza Sixth Floor East Rutherford, NJ 07073 | Sabon American Dream, LLC |

SGR/22767455.5